## Aughinbaugh *versus* Coppenheffer.

A lease stipulated that the tenant " shall cultivate and farm said land in a workmanlike manner, he shall put out all the crops in good season and in proper order, of such kind of grain, and in such fields, as the landlord shall designate. He shall also take off all the crops in proper season, and house the same in proper order." In an action by the tenant for work and labor it was *held*, that it was admissible evidence that by the usual course of husbandry in the vicinity a tenant about to take possession in the next spring or to hold over, should prepare his corn ground in the preceding fall or winter, whenever he could do so; and that he 'should spread on such corn ground all the fertilizers which the landlord might furnish for that purpose, without any stipulation in the lease and without entitling himself to charge the landlord therefor.

May 20th 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *York county*.

This suit was brought before a justice of the peace by John Coppenheffer against George Aughinbaugh, and upon appeal to the Court of Common Pleas, the plaintiff declared for work and labor, &c.

The plaintiff had been tenant of the defendant's farm under a lease, dated September 3d 1860, by which it was covenanted that the plaintiff " shall cultivate and farm said land in a workmanlike manner. He shall put out all the crops in good season and in proper order, of such kind of grain, and in such fields as the said

[Aughinbaugh *v.* Coppenheffer.]

George Aughinbaugh shall designate; he shall also take off all the crops in proper season and house the same in proper order." The work and labor was claimed by plaintiff to have been done outside of the covenants of the lease.

In the fall before he was to take possession under his lease, the plaintiff, with the permission of the defendant, had ploughed and spread lime on one of the fields for corn to be planted after he should take possession. The lime was purchased and put on the land by the defendant. This was one of the items of charge.

On the trial the defendant offered to prove " that cultivation, according to good husbandry, and the usual course of the management of such farms as that of George Aughinbaugh, in the vicinity in which it lies, made it proper that a tenant about to take possession in the spring, or to hold over for another year, should prepare his corn ground for the ensuing season in the preceding fall or winter, whenever he could do so; and required that he should spread on such corn ground all the lime or other fertilizers which the landlord might furnish for that purpose at that season, without any stipulation to that effect in the lease, and without entitling himself to charge the landlord therefor."

The evidence was rejected and an exception taken.

In answer to a point submitted by the plaintiff the Court (Graham, P. J., of the 9th district), charged:—

" The construction of written agreements is for the court and not for the jury; and under ordinary circumstances the words, 'to cultivate and farm in a workmanlike manner' would not include the scoring out for spreading and harrowing in an undefined quantity of lime. But under the circumstances and evidence in this case it is for you to decide whether this labor, for which plaintiff claims compensation, was required to comply with his agreement to farm in a workmanlike manner. The evidence is, that the tenant ploughed his corn ground in the fall, and when ploughed, the landlord purchased and hauled upon the ground a quantity of lime, without any objection by the tenant, so far as it appears from the evidence. The lime thus hauled was spread by the tenant, and for this he claims payment. There is no evidence of any contract or agreement between the landlord and tenant that the tenant should be paid for this labor. If this lime was purchased and put upon the land by the landlord, without objection by the tenant, then we submit to you to say whether good husbandry required the lime should be spread on the ground. If it did, the plaintiff cannot recover for his labor. If it did not, then he may recover."

The verdict was for the plaintiff for $55.26.

The defendant removed the case to the Supreme Court, and assigned for error the rejection of the evidence and the charge of the court.

[Aughinbaugh v. Coppenheffer.]

*J. Evans* and *J. L. Mayer*, for plaintiff in error, cited The Schooner Reside, 2 Sumn. 567; 1 Bl. Com. 78; Hutton v. Wanner, 1 M. & W. 474; 1 Greenl. Ev. § 294; 1 Smith's Lead. Cas. 300, and notes; 3 Phillips' Ev. (Cowen & Hill), notes, pp. 974, 1454; Comyn on Landlord and Ten. 198; Stultz v. Dickey, 5 Binn. 285; Demi v. Bossler, 1 Pa. 226; Erisman v. Walters, 2 Casey 467; Lewis v. Jones, 5 Harris 264; Ranck v. Albright, 12 Casey 367; Carr v. Chartiers Coal Co. 1 Id. 337; Vail v. Jersey Manuf. Co., 32 Barb. 564; Mumford v. Brown, 6 Cowen 475; Miller v. McCaffrey, 9 Barr 249.

*H. L. Fisher*, for defendant in error, cited Hutton v. Wanner, 1 M. & W. 474; 4 Phil. Ev. (Cowen & Hill) part 2, note to pp. 560–561.

The opinion of the court was delivered, July 3d 1867, by

THOMPSON, J.—The testimony offered was rejected, not on the ground that what was good husbandry in that section of country, in view of the soil, climate, &c., might not be proved by persons competent to speak to the point (had it been it would have been undoubted error), but because it was thought the lease was intended to prescribe in every particular the mode and manner of husbandry to be performed by the lessee. We have carefully scanned the lease and think this view was error, for which we shall have to reverse the case.

The very first clause in the lease of the premises is that "the said John Coppenheffer shall cultivate and farm said land in a workmanlike manner; he shall put out all the crops in good season and in proper order, of such kind of grain and in such fields as the said George Aughinbaugh shall designate. He shall also take off all the crops in proper season and house the same in proper order." All this, and much more of the same sort which occurs in the lease, does not touch the question of the mode of cultivation in all its length and breadth. When lime should be scattered, manure spread, ploughing done, or what is good season within which crops should be put out, these things were left to be enforced by the covenant to cultivate the farm in "a workmanlike manner." This expression was undoubtedly intended to mean in a "farmerlike manner," or as good farmers usually do, and so we construe it. If it was required by this test that lime should be spread the autumn before putting in spring crops, as contended for by the defendant below, then the work performed by the plaintiff in spreading the lime hauled upon the ground might and ought to be presumed to have been for the tenant's own benefit, and he should not charge for it. His lease was dated in September preceding the commencement of his term, and there being no obstacle to his entering to spread the lime in the fall, whether he

Aughinbaugh *v.* Coppenheffer.]

did it or omitted it must enter into the consideration of what would be good husbandry under these circumstances.   Of course, if it had been a case in which he could not have entered without being a trespasser, it could not be presumed that it was within the meaning of the clause that he must enter.   " Workmanlike," " farmerlike," and such like expressions necessarily have relation to the circumstances of the thing to be done as indicated.   Here there was nothing in the way of doing the work referred to, and as explanatory of how and why it was done, the testimony should have been received.   That the jury did not discard that portion of the plaintiff's claim on the mere charge of the court, shows their intelligent approbation of their oaths, which bound them to find a true verdict according to the evidence.   The charge did not cure the error in rejecting the testimony, and we are, therefore, constrained to reverse the judgment and send the case back for a new trial for the reasons given.

Judgment reversed  and *venire de novo* awarded.